Saeeda E. TOMA, Petitioner,

v.

Michael B. MUKASEY, Attorney General, Respondent.

No. 05–71855.

United States Court of Appeals, Ninth Circuit.

Argued Oct. 16, 2007.

Resubmitted June 26, 2008.

Filed June 26, 2008.

Stanley J. Riney, Stanley J. Riney Law Offices, La Mesa, CA, for Petitioner.

District Counsel, Office of the District Counsel, Department of Homeland Securi-ty, San Diego, CA, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: PREGERSON, HAWKINS, and FISHER, Circuit Judges.

MEMORANDUM *

Saeeda E. Toma ("Toma"), a native and citizen of Iraq, petitions for review of the Board of Immigration Appeals' ("BIA") or-der denying her application for asylum, withholding of removal, and relief under the Convention Against Torture. The par-ties are familiar with the facts of this case, and we repeat them only to the extent necessary for our disposition. We have jurisdiction under 8 U.S.C. § 1252. We grant the petition and remand.

Toma is a Chaldean Christian who lived in Iraq prior to arriving in the United States in 2001. She testified that both she and her family members suffered multiple incidents of abuse at the hands of Ba'ath Party officials.

The IJ did not find Toma's testimony credible. However, the BIA reversed the IJ's adverse credibility finding, implicitly holding that Toma had established past persecution. The burden thus shifted to the government to establish a change in circumstances in Iraq such that Toma would no longer have a well-founded fear of future persecution. *See* 8 C.F.R. § 1208.13(b)(1)(ii). The IJ determined, and the BIA agreed, that the presumption of a well-founded fear was rebutted by

---

* This disposition is not appropriate for publica-tion and is not precedent except as provided by 9th Cir. R. 36–3.

changed country conditions. This determination, however, was not supported by the evidence in the record.

█ Our case law requires that "the BIA ... provide an 'individualized analysis of how changed conditions will affect the specific petitioner's situation.'" *Lopez v. Ashcroft*, 366 F.3d 799, 805 (9th Cir.2004) (quoting *Borja v. I.N.S.*, 175 F.3d 732, 738 (9th Cir.1999) (en banc)). Moreover, "'[i]nformation about general changes in the country is not sufficient.'" *Rios v. Ashcroft*, 287 F.3d 895, 901 (9th Cir.2002) (quoting *Garrovillas v. I.N.S.*, 156 F.3d 1010, 1017 (9th Cir.1998)). Here, the government's evidence consisted only of five newspaper articles addressing general conditions in Iraq in late spring and early summer of 2003. Only one of the articles specifically discusses the potential effects of the American invasion on the religious persecution of Chaldean Christians. Although the article indicates that a Catholic priest living in Iraq had not "heard of any religious persecution," the article also notes that this representation was hotly disputed by refugees, members of the bar, and various amnesty organizations. Thus, this article hardly could have provided the IJ or the BIA with the evidence necessary to determine how the changes in Iraq would eliminate Toma's fear of future persecution as a Chaldean Christian woman from Alqosh. Accordingly, we conclude that the BIA erred when it found that the presumption of Toma's well-founded fear of future persecution had been rebutted.

█ We also conclude that the BIA erred when it found in the alternative that Toma could reasonably relocate within Iraq. In cases where an asylum applicant has established past persecution, it must be presumed that internal relocation would not be reasonable, unless the government establishes by a preponderance of the evidence that, under all the circumstances, it would be reasonable for the applicant to relocate. *See* 8 C.F.R. § 1208.13(b)(3)(ii). Here, the BIA stated "that internal relocation for [Toma] to Northern Iraq is reasonable." This statement, however, is not supported by any evidence. Some of Toma's worst family tragedies occurred in northern Iraq. While in Alqosh, her son was shot by men in military uniforms. Her brother and father were both living there when they were arbitrarily imprisoned, experiences that Toma believes caused their deaths. Furthermore, the government's own evidence about post-invasion turmoil in Iraq indicates that certain relevant statutory factors which the BIA ignored—such as "ongoing civil strife within the country," and "administrative, economic, or judicial infrastructure," 8 C.F.R. § 1208.13(b)(3)—weigh in Toma's favor. Given these circumstances, the BIA's determination that Toma could safely relocate within Iraq was also not supported by substantial evidence.

The government failed to rebut Toma's well-founded fear of future persecution or to show that Toma could relocate within Iraq. We therefore find Toma statutorily eligible for asylum and remand this case so that the Attorney General may exercise his discretion on Toma's asylum claim. *See Ali v. Ashcroft*, 394 F.3d 780, 788 (9th Cir.2005). We also remand Toma's remaining claims. The BIA, however, need not reach these claims if the Attorney General exercises his discretion on asylum in Toma's favor.

We **GRANT** the petition and **REMAND** to the BIA for further proceedings consistent with this disposition.